FILED
CLERK
12:08 pm, Sep 29, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CRYSTAL ARBOUIN,

                Plaintiff,

   -against-

BOB'S DISCOUNT FURNITURE, LLC, BEN
PILLAI and RALPH BRIGHAM,

                Defendants.
---------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
20-CV-1893 (JMA) (SIL)

**AZRACK, United States District Judge:**

Plaintiff Crystal Arbouin ("Plaintiff" or "Arbouin") commenced this employment discrimination action against Bob's Discount Furniture ("Bob's" or the "Company"), Ben Pillai ("Pillai") and Ralph Brigham ("Brigham") (collectively, "Defendants") on April 23, 2020. (ECF No. 1.) On August 28, 2020, Plaintiff filed an Amended Complaint seeking relief for Defendants' alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 et seq., asserting that Defendants subjected her to a hostile work environment, retaliated against her, and constructively discharged her based on her sex. (ECF No. 9.) Plaintiff also asserts state law claims for negligent hiring, supervision and retention, and for assault and battery. (Id.)

Bob's and Pillai filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the Amended Complaint with prejudice.[1] (ECF No. 21.) On December 10, 2020, the late Honorable Sandra J. Feuerstein referred the motion to dismiss to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R"). This case was

---

[1] As recognized by Judge Locke, since all arguments on the motion to dismiss appear to apply equally to all Defendants, the Court treats the motion as if made on behalf of all Defendants.

1

reassigned to the undersigned on June 28, 2021 following the passing of Judge Feuerstein.  Judge Locke issued an R&R dated June 30, 2021, recommending that the motion to dismiss be GRANTED in part and DENIED in part.  The R&R recommends: (i) dismissing with prejudice Plaintiff's Title VII claims against Pillai and Brigham and the state law claims in their entirety, and (ii) dismissing without prejudice Plaintiff's NYSHRL retaliation claim against Brigham and Plaintiffs' constructive discharge claims against all Defendants; and that the motion otherwise be DENIED.  (ECF No. 26.)  Defendants filed timely objections to the R&R.  Specifically, Defendants object to the portion of the R&R that recommends denying dismissal of Plaintiff's Title VII and NYSHRL retaliation and hostile work environment claims.  (ECF No. 28.)  Plaintiff has not filed any objections to the R&R and the deadline for doing so has passed. Fed. R. Civ. P. 72(b)(2).

After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Locke's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Locke's R&R to which there are no specific objections.  In particular, Judge Locke recommended, inter alia, (i) granting Defendants' motion to dismiss Plaintiff's Title VII and NYSHRL constructive discharge claims against

2

Defendants and her NYSHRL retaliation claim against Brigham, and dismissing those claims without prejudice; and (ii) granting Defendants' motion to dismiss Plaintiff's Title VII claims against Pillai and Brigham, and her state law claims in their entirety, and dismissing those claims with prejudice. Applying clear error review, the Court adopts Judge Locke's recommendations regarding those claims.

I next address the portions of the R&R to which Defendants have objected. For Defendants' objections, I have undertaken a de novo review of the record, the motion papers, the R&R and the objections. For the reasons stated below, the Court denies those objections and adopts the R&R.

Defendants object to the portions of the R&R which (i) recommend denying their motion to dismiss Plaintiff's Title VII retaliation claim against Bob's, and her NYSHRL retaliation claim against Bob's and Pillai; and (ii) finds that non-sexual comments or conduct should be included in the "totality of the circumstances" analysis applicable to hostile work environment claims under Title VII and NYSHRL and, thus, recommends denying Defendants' motion to dismiss Plaintiff's Title VII and NYSHRL hostile work environment claims.

Defendants generally argue that the R&R relies upon facts that are not alleged in the Amended Complaint, as well as "unspecified, vague allegations," in recommending that Plaintiff's Title VII and NYSHRL retaliation and hostile work environment claims be denied. (ECF No. 28 at 8.) Defendants challenge the R&R's finding that Plaintiff engaged in a protected activity "when she complained to Pillai and later to Bob's HR regarding Brigham's alleged sexual harassment and the purportedly sexually hostile work environment she was experiencing at the time." (ECF No. 26 at 19.) According to Defendants, that finding "rests precariously on the vague assertion that Plaintiff was one of 'sundry employees' who made a 'litany of complaints' to Pillai," and the

3

Amended Complaint is devoid of any other allegation that Plaintiff ever complained about the alleged discriminatory and harassing conduct. (ECF No. 28 at 9.) Defendants also argue that the R&R misconstrues the allegations in the Amended Complaint in finding that Plaintiff "alleges that she explicitly complained to both Pillai and HR," (ECF No. 26 at 19), because there is purportedly no allegation in the Amended Complaint that Plaintiff ever complained to Bob's HR, or to anyone other than Pillai. (ECF No. 28 at 9-10.)

The Court agrees with Judge Locke that the factual allegations in the Amended Complaint are sufficient to plausibly state that Plaintiff engaged in a protected activity. "Formal and informal complaints of discriminatory employment practices can constitute protected activity." Wu v. Good Samaritan Hosp. Med. Ctr, 815 F. App'x 575, 581 (2d Cir. May 20, 2020) (summary order). In assessing a complaint for purposes of a Rule 12(b)(6) motion to dismiss, a court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." Sacerdote v. New York Univ., 9 F.4th 95, 106-07 (2d Cir. 2021). The Amended Complaint alleges, inter alia, that Pillai deliberately concealed from Bob's HR department complaints made by Plaintiff, and two other female employees, about Brigham's alleged sexual harassment; and that Bob's HR department "was (once again) notified of Mr. Brigham's conduct in March 2019." (ECF No. 9, ¶¶ 25-27.) Drawing all reasonable inferences in Plaintiff's favor, the Amended Complaint adequately alleges that Plaintiff engaged in a protected activity.

Defendants further contend that the R&R erroneously finds that Plaintiff's "vague and unspecified allegation that Pillai called her a 'liar' is not so conclusory that it fails to give notice of the basic events and circumstances on which [she] relies." (ECF No. 28 at 12 (internal quotations omitted).) According to Defendants, the allegations in the Amended Complaint "are

4

devoid of the necessary context to make such a determination." (Id.) By way of example, Defendants assert that the R&R "appears to impermissibly assume" that Pillai's "liar" comment(s) had any connection to Plaintiff's complaints about Brigham's alleged sexual harassment, and it can "just as easily be assumed" from Plaintiff's vague allegation in the Amended Complaint, which fails to indicate when or in what context the "liar" comment(s) were made, that Pillai's comment(s) were "referencing entirely unrelated conduct." (Id. at 13.) Additionally, Defendants argue that the R&R errs in finding that Pillai's conduct in revoking the approval of Plaintiff's vacation time, and the Company's conduct in "penaliz[ing]" Plaintiff for failing to meet a sales goal, constitute adverse employment actions. (Id.)

The Court agrees with Judge Locke that the Amended Complaint contains sufficient non-conclusory factual allegations to plausibly state that Plaintiff suffered an adverse employment action. To constitute an adverse employment action in the context of a retaliation claim, "the employer's conduct must be harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination." Shultz v. Congregation Shearith Israel of City of New York, 867 F.3d 298, 309 (2d Cir. 2017). The Amended Complaint alleges, inter alia, that Pillai "actively hindered" the Company's ability to investigate the complaints of Brigham's sexual harassment "by, among other acts, discarding the recording of Mr. Brigham's sexual assault of Ms. Arbouin. Adding insult to injury, Mr. Pillai responded to Plaintiff's complaints with hostility and retaliatory conduct, publicly accusing Ms. Arbouin and Ms. Lorenzo of being liars on multiple occasions and punishing them in various ways throughout the workday." (ECF No. 9, ¶ 25.) Moreover, the Amended Complaint alleges that, in March 2019, following the complaints of Brigham's sexual harassment, (i) Plaintiff "was penalized for failing to meet purported sales goals . . . while [she] was still within the Company's grace period provided to new employees,"

(id., ¶ 27); and (ii) Pillai revoked the Company's approval of her "request to utilize her paid time off for a 'mental health' vacation to help cope with the trauma and anxiety caused by Mr. Brigham's sexual assault and harassment, . . . which forced Ms. Arbouin back to work before her vacation even began." (Id., ¶ 28.) "The choice between or among plausible inferences or scenarios is one for the factfinder," Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 184 (2d Cir. 2012), not for the Court on a Rule 12(b)(6) motion to dismiss. Again, drawing all reasonable inferences in Plaintiff's favor, the Amended Complaint plausibly states that Plaintiff suffered an adverse employment action.

Furthermore, Defendants assert that the R&R's finding that the close temporal proximity of Plaintiff's alleged protected activity and the purported retaliatory conduct "create[s] a plausible inference of a causal nexus," (ECF No. 26 at 23), is "premised on at least two unsupportable assumption[s]." (ECF No. 28 at 14.) First, the R&R assumes that Pillai's "liar" comment(s) "occurred closely or in reference to Plaintiff's complaint," since the Amended Complaint does not provide any context for that allegation, such as when the comment(s) were made, the substance of the comment(s) or to what conduct of Plaintiff Pillai's alleged comment(s) refer. (Id.) Second, the R&R assumes that Bob's was aware of Plaintiff's complaints of sexual harassment. (Id.) The Amended Complaint alleges, inter alia, that Plaintiff began complaining to Pillai about Brigham's purported sexual harassment in January 2019 and that Pillai made the "liar" comment(s) in response to Plaintiff's complaints. (ECF No. 9, ¶ 25.) The Amended Complaint next alleges that "[w]hen the Company's HR department was (once again) notified of Mr. Brigham's conduct in March 2019, HR likewise responded with hostility and did nothing to stop the subsequent onslaught of retaliatory conduct perpetrated by Mr. Pillai." (Id., ¶ 26.) Consequently, the Court agrees with Judge Locke that, liberally construed, the factual allegations in the Amended

6

Complaint "create a plausible inference of a causal nexus due to the close temporal proximity, at most two months, between when Plaintiff engaged in the protected activity and the purported retaliatory conduct." (ECF No. 26 at 23.)

Finally, Defendants argue that the R&R errs in finding that the totality of circumstances alleged are sufficient to state a plausible hostile work environment claim because Plaintiff alleges only that "a non-supervisory co-worker (Brigham) made five total comments to her, one sexual and four non-sexual, and grabbed her buttocks on one occasion." (ECF No. 28 at 14.) "Facially sex-neutral incidents may be included [ ] among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex." Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 203 (2d Cir. 2014) (citations, alterations and internal quotations omitted). Judge Locke properly considered both the sexually overt and facially sex-neutral incidents alleged in the Amended Complaint, and the Court agrees that the totality of the circumstances alleged state a plausible sex-based hostile work environment claim.

Based on the foregoing, the Court adopts Judge Locke's R&R in its entirety as the opinion of this Court. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: September 29, 2021
      Central Islip, New York

                                            /s/  (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE